UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PULSE MEDICAL :
INSTRUMENTS, INC., :
 :
      Plaintiff, :
 :
v. : No. 3:09cv1920 (MRK)
 :
DRUG IMPAIRMENT :
DETECTION SERVICES, LLC, :
 :
      Defendant. :

## MEMORANDUM OF DECISION

In this matter, Plaintiff Pulse Medical Instruments, Inc. ("PMI") claims that Defendant Drug Impairment Detection Services, LLC ("DIDS") engaged in fraud and negligent concealment during contract negotiations in June 2004. DIDS has moved for summary judgment, arguing that PMI filed this action after the relevant statutes of limitations had run. The limitations periods can be tolled under certain circumstances, however, and it is the jury's job to decide whether those circumstances are present here. For that reason, DIDS's Motion for Summary Judgment [doc. # 103] must be DENIED.

**I.**

PMI and DIDS, who began working together in 2001, negotiated a new contract in June 2004. Around the same time, DIDS was allegedly contracting with a rival of PMI's, who began supplying DIDS with equipment in 2005. PMI learned of this by December 2005, at which point Edwin Hotchkiss, the President of PMI, called the Chief Operating Officer of DIDS, Chris Crucilla, to find out about the other supplier. After their first conversation, during which Mr.

1

Crucilla either did not answer Mr. Hotchkiss or gave him an incorrect answer, Mr. Crucilla called Mr. Hotchkiss several days later and—according to Mr. Hotchkiss's deposition testimony—told him that DIDS had begun looking for a new equipment source in July 2005.

On January 27, 2006 Mr. Hotchkiss wrote to DIDS, threatening to terminate the parties' 2004 agreement and claiming that "PMI recently learned that in June 2005, DIDS personnel were instructed to find an alternative" equipment source. Pl.'s Mem. in Opp. to Mot. for Summ. J. [doc. # 108-2] Ex. B, Attach. 2 (Letter from Ed Hotchkiss to Steve Klein); *see also* Def.'s Local Rule 56(a) Statement [doc. # 103-3] ¶ 7. On March 8, 2006, PMI terminated the 2004 agreement, again by letter. Mr. Hotchkiss claims that he had no reason to doubt Mr. Crucilla when he said that DIDS had begun looking for an alternative supplier sometime earlier in 2005. Mr. Hotchkiss did not make any additional efforts on behalf of PMI to determine what had occurred at DIDS, or whether PMI's rights had been violated.

Mr. Crucilla was deposed in October 2008, during a patent infringement lawsuit between PMI and DIDS. There, Mr. Crucilla stated that he had begun looking for an alternative equipment supplier in April of 2004—not June or July 2005. This testimony "shocked" Mr. Hotchkiss. Hotchkiss Aff. [doc. # 108-2] ¶ 12. PMI subsequently filed this action against DIDS—claiming fraud by intentional misrepresentation, fraud by knowing concealment, and negligent misrepresentation—in the District of Maryland on April 13, 2009. Because of a forum selection clause in the parties' 2004 contract, the case was transferred from Maryland to this Court on November 24, 2009. *See* Order [doc. # 25].

## II.

Courts are to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In doing so, the Court must resolve "all permissible inferences and credibility questions in favor of the party against whom judgment is sought." *Kayton v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010).

DIDS maintains that summary judgment is appropriate in this case because PMI's state law claims are barred by the statutes of limitations for fraud and negligence. This immediately prompts the question: Which state's statutes of limitations apply in a diversity case that was brought in Maryland but transferred to Connecticut? *Cf. Stephens v. Norwalk Hosp.*, 162 F. Supp. 2d 36 (D. Conn. 2001). Helpfully, the parties agreed on an answer at oral argument, stipulating that Maryland law would govern.[1]

In Maryland, the statute of limitations for fraud and negligence is three years from the date the action accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. However, "[i]f the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." *Id*. § 5-203. Further, Maryland's Court of Appeals has adopted a "discovery rule," whereby "a cause of action cannot be deemed to accrue until an aggrieved party knew, or reasonably should have known, of the wrong committed." *DeGroft v. Lancaster Silo Co.*, 72 Md. App. 154, 171 (1987) (citing *Poffenberger v. Risser*, 290

---

[1] The Court notes that this motion would not have be decided differently under Connecticut law, though the reasoning and the issue to be decided at trial would differ. When someone "fraudulently conceals" the existence of a cause of action, Connecticut tolls the statute of limitations on that action until such time as the "person entitled to sue thereon first discovers its existence." Conn. Gen. Stat. § 52-595; *see also Fall Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105 (2007). The current record contains evidence that DIDS fraudulently concealed PMI's causes of action through the representations Mr. Crucilla made to Mr. Hotchkiss in December 2005. Thus, summary judgment based on Connecticut's statute of limitations would have been denied, and at trial the jury would have had to consider whether DIDS did in fact engage in fraudulent concealment.

Md. 631, 636-37 (1981)). This rule is "applicable generally in all actions." *Poffenberger*, 290 Md. at 636.

Since PMI did not file its complaint until April 2009, its claims would have been barred by the statutes of limitations were it not for the discovery rule. PMI has said—and on summary judgment, the Court must accept—that it did not know of its potential cause of action until Mr. Crucilla's deposition in October 2008. The success of DIDS's summary judgment motion therefore hinges on whether PMI *should have known* that it had a claim sometime before April 2006—that is, three years before it filed its complaint.

Under Maryland law, if someone with "knowledge of circumstances which ought to have put a person of ordinary prudence" on inquiry notice fails to make reasonable inquiries, that person "will be held guilty of bad faith and must suffer from his neglect." *Id.* at 637. DIDS argues that after Mr. Hotchkiss learned that DIDS had obtained equipment from another supplier, he should have done more—which is to say, he should have done something—to inquire into what had happened. At oral argument, DIDS's counsel suggested that failing to ask questions in that situation is like watching a robber leaving your house without asking whether anything inside was taken. According to DIDS, PMI's complete failure to inquire makes Maryland's discovery rule inapplicable as a matter of law.

Plausible as these arguments are, the Court is ultimately unconvinced. A jury could reasonably find that the relationship between business partners of over four years is relevantly different than that between a robber and his victim. The jury, in other words, might find that it was reasonable for Mr. Hotchkiss to trust the information he received from Mr. Crucilla during their conversation in December 2005. Having been told when DIDS began sourcing other suppliers, Mr. Hotchkiss's failure to pursue the matter further might not have been unreasonable.

4

Maryland courts have allowed tolling in cases where plaintiffs had far more reason than Mr. Hotchkiss did to be suspicious. In *Poffenberger*, "the seminal case on Maryland's 'discovery rule,'" the fact that a house was "obviously off-center" on the lot did not mean that its owner necessarily should have inquired whether it sat too close to the property line. *See Pilz v. Fed. Deposit Ins. Corp.*, No. 96-2243, 1997 WL 360639, at *3 (4th Cir. July 1, 1997) (unpublished opinion) (citing *Poffenberger,* 290 Md. at 637-38). The reasonableness of the plaintiff's reliance on his builder's expertise was seen as "a question of fact that a jury must resolve." *Id*. In a case from the Maryland Court of Special Appeals, a silo leaned so much that neighbors noticed, yet the court again left to the jury the question of whether an ordinary and prudent person would have disregarded the builder's assurances and conducted his own inquiry. *See DeGroft*, 72 Md. App. at 173-75. As the Fourth Circuit has noted, "Even when plaintiffs have some reason to suspect they may have a claim, Maryland courts have been unwilling to resolve the notice issue as a matter of law, especially when a plaintiff has relied on the defendant's or some other skilled person's assurances that there was no problem." *Pilz*, 1997 WL 360639, at *4. According to the Maryland Court of Appeals, "whether or not the plaintiff's failure to discover his cause of action was due to failure on his part to use due diligence . . . is ordinarily a question of fact for the jury." *O'Hara v. Kovens*, 305 Md. 280, 294-95 (1986).

The Fourth Circuit has said that "*if* resolution of a statute of limitations defense presents a genuine question of material fact, a jury should resolve it. If not a statute of limitations may be applied as a matter of law." *Childers Oil Co. v. Exxon Corp.*, 960 F.2d 1265, 1273 (4th Cir. 1992) (emphasis in original). The Second Circuit agrees. *See Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 242 n.2 (2d Cir. 1984) ("Where the statute of limitations operates as an affirmative defense, . . . issues of fact as to the application of that defense must be submitted to

the jury."). Here, whether or not PMI, prior to April 2006, was reasonably diligent in inquiring into DIDS's 2004 conduct is a matter that a jury needs to resolve. Because that fact is material to the question of whether the statutes of limitations for fraud and negligence should be tolled in this case, DIDS's Motion for Summary Judgment [doc. # 103] is DENIED.

### III.

Having denied summary judgment, the Court instructs the parties to confer with one another and, if they agree, to stipulate no later than November 15, 2011 which state's law—Maryland's or Connecticut's—should govern the substance of PMI's fraud and negligence claims at trial. If the parties cannot agree on this question, they should file simultaneous briefs no later than November 15, 2011 arguing this choice-of-law question. The parties are also asked to inform the Court no later than November 15, 2011 whether they agree to withdraw their dueling Motions in Limine [docs. # 100, 101], as discussed at oral argument on October 13, 2011.

**IT IS SO ORDERED.**

  /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 25, 2011.**